Judgment in a Criminal Case
Sheet 1

FILED '07 APR 09 15:45 USDC-ORE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

**UNITED STATES OF AMERICA**

-vs-

**JACOB ALBERT LASKEY**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number  CR 05-60053-1-HO

U.S. Marshal No. 68777-065

Marc Spence
Defendant's Attorney

The defendant pleaded guilty to Counts 1, 2, 3, 5, 6, 9 and 10 of the Second Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 USC 241 | Conspiracy Against Rights of Citizens | Beginning on or about October, 2002 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1,2 of the Indictment and Counts 1, 2, 4, 5-7, 8, 9 of the Superseding Indictment are dismissed on the motion of the United States.

Defendant shall pay a special assessment in the amount of $700 for Counts 1,2,3,5,6,9 and 10 of the Second Superseding Indictment payable immediately to the Clerk of the US District Court, 405 East Eighth Avenue, Suite 2100, Eugene, OR 97401.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
April 3, 2007

MICHAEL R. HOGAN
UNITED STATES DISTRICT JUDGE

Dated this _____ day of April, 2007

Judgment in a Criminal Case
Sheet 2
_____

LASKEY, JACOB ALBERT                                                                          2 of 7
CR 05-60053-1-HO

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 USC 247 | Damage to Religious Property | On or about October 25, 2002 | 2 |
| 18 USC 1512(b)(1) | Intimidation Against a Witness | On or about July 21 and 22, 2004 | 3 |
| 18 USC 1512(b)(3) | Intimidation and Threats Against Witness | In or about latter part of 2004 and early part of 2005 | 5 |
| 18 USC 373 | Solicit and Otherwise Endeavor to Persuade an Individual to Kill and Attempt to Kill and Otherwise Use of Physical Force and Threat of Physical Force Against a Witness | On or about April 17, 2005 | 6 |
| 18 USC 373 | Did Solicit and Otherwise Endeavor to Persuade an Individual to Corruptly Obstruct, Influence and Impede an Official Proceeding | On or about April 17, 2005 | 9 |
| 18 USC 922(g)(1) | Felon in Possession of a Firearm and Ammunition | Beginning on Unknown date & Continuing until or about April 6, 2005 | 10 |

Judgment in a Criminal Case
Sheet 3
_____
LASKEY, JACOB ALBERT                                                     3 of 7
CR 05-60053-1-HO

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one-hundred twenty (120) months as to Counts 1, 3, 5 and 10. As to Counts 2, 6, and 9 the defendant is committed to the Bureau of Prisons for confinement for a period of one-hundred thirty-five (135) months, to be served concurrent with Counts 1, 3, 5, and 10 and with each other, for a total of 135 months. *

The defendant is remanded to the custody of the United States Marshal.

\*     The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized in Title 18 U.S.C. § 3585(b) and the policies of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                        _____
                                        UNITED STATES MARSHAL


                                By:_____
                                        Deputy U.S. Marshal

Judgment in a Criminal Case
Sheet 4

LASKEY, JACOB ALBERT                                                                                          4 of 7
CR 05-60053-1-HO

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth below. The defendant shall also comply with the additional Special Conditions of Supervision as set forth below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1.  The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2.  The defendant shall pay full restitution to the victim identified in the presentence report in the amount of $896.64, joint and several with Jesse Baker, Gerald Poundstone, Gabriel Laskey and Jereomy Baker. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $75 per month.

3.  The defendant shall participate in a mental health treatment program approved by the probation officer.

4.  As directed by the probation officer, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder.

5.  The defendant's employment shall be subject to approval by the probation officer.

6.  The defendant shall not possess or consume alcohol or enter an establishment where alcohol is the primary item for sale.

7.  The defendant shall have no contact with individuals, groups or organizations that promote white supremacist ideology.

8.  The defendant shall not possess any materials or items that promotes the white supremacist ideology.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing and future law.

1.  The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.

Judgment in a Criminal Case
Sheet 5

LASKEY, JACOB ALBERT                                                                                       5 of 7
CR 05-60053-1-HO

2.  The defendant shall not commit another federal, state or local crime and shall not illegally posses a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3.  The defendant shall not possess a firearm, destructive, or dangerous device.
4.  If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalyses testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5.  The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
6.  The defendant shall not leave the judicial district without the permission of the court or probation officer.
7.  The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9.  The defendant shall support his/her dependents and meet other family responsibilities to the best of his/her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer **within 72 hours** of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, even as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of arms, neck, face and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or a special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

Judgment in a Criminal Case
Sheet 6
_____

LASKEY, JACOB ALBERT                                                                          6 of 7
CR 05-60053-1-HO

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Fine | Restitution | TOTAL |
|------|-------------|-------|
| $0 | $896.64 | $896.64 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Interest on restitution amount shall be waived.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|------------------------------------------|
| Temple Beth Israel 42 West 25th Street Eugene, OR 97405 | $896.64 | $896.64 | |
| **TOTALS** | **$896.64** | **$896.64** | |

Any payment shall be divided proportionately among the payees named unless otherwise specified.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment in a Criminal Case
Sheet 7
_____
LASKEY, JACOB ALBERT                                                              7 of 7
CR 05-60053-1-HO

## SCHEDULE OF PAYMENTS - Supervised Release

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

     The defendant shall pay full restitution to victim identified in PSR in the amount of $896.64. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $75 per month. Interest shall be waived.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court at the address below, unless otherwise directed by the court, the probation officer, or the United States attorney.

**Clerk of the US District Court**
**405 E. 8th Avenue**
**Suite 2100**
**Eugene, OR  97401**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     Joint and Several

     Defendant Name, Case Number, and Joint and Several Amount:

     **Gerald Poundstone, Gabriel Laskey, Jessie Baker, 05-60053 $896.64 and Jereomy Baker case 07-60007-1-HO**
     Interest shall be waived.